UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | | |
|---|---|---|
| WILLIE JACKSON | * | CIVIL ACTION NO.   13-3112 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JAY RUSSELL, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

## REPORT AND RECOMMENDATION

Before the court is a motion for summary judgment [doc. # 17] filed by defendants, Robert Young, Bobby Johnson, Doug Campbell, and Sheriff Jay Russell.  Pursuant to Standing Order 3.311 and 28 U.S.C. § 636(b)(1)(B), the District Court referred the motion to the undersigned magistrate judge for report and recommendation.  For reasons explained below, it is recommended that the motion for summary judgment be DENIED.

## Background

On November 15, 2013, Willie Jackson, an inmate in the custody of Louisiana's Department of Public Safety and Corrections ("LDOC"), who, at all relevant times, was incarcerated at the Ouachita Parish Corrections Center ("OPCC"), filed the instant pro se civil rights complaint under 42 U.S.C. § 1983 against various OPCC officials/officers:  Sheriff Jay Russell, Doug Campbell, Bobby Johnson, and Robert Young.  Jackson alleges that on November 5, 2012, he was wrongly accused of a disciplinary rules violation for smoking.[1]  A disciplinary hearing was convened on November 15, 2012, which Jackson was unable to attend because of a work detail.  As a result, he was convicted, in absentia, and sentenced to four days of extra work duty, and required to pay $25 in restitution.  Jackson prays for unspecified declaratory and

---

[1] At the time, Jackson was employed at the Ouachita Parish Sheriff's Office Transitional Work Release Center (TWRC).

injunctive relief; reimbursement of his $25, with interest; compensation for his four days of extra duty work; reasonable compensatory and punitive damages; legal fees; filing fees; and costs.

On February 28, 2014, the court determined that plaintiff's complaint stated a claim to recover his $25, (but failed to state a claim for compensation for his extra work duty), and ordered service on defendants. (Feb. 28, 2014, Mem. Order [doc. # 12]). Defendants filed their answer on May 14, 2014. [doc. # 15]. On July 8, 2014, defendants filed the instant motion for summary judgment seeking dismissal of plaintiff's complaint for failure to exhaust available administrative remedies. On July 28, 2014, plaintiff filed a hybrid motion for leave to file a reply and for continuance/extension of time to respond to the motion for summary judgment. [doc. # 19]. Plaintiff, however, also submitted his declaration made under penalty of perjury, in which he detailed his efforts to exhaust available administrative remedies. (Jackson Decl. [doc. # 19-1]).[2] Thus, the matter is now before the court.

## Summary Judgment Principles

Summary judgment is appropriate when the evidence before the Court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2511 (1986). A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

"[A] party seeking summary judgment always bears the initial responsibility of informing

---

[2] On September 2, 2014, plaintiff filed a hybrid motion for permission to submit production of documents and for issuance of a subpoena duces tecum. [doc. # 20]. The court will address plaintiffs' motions, via separate order.

the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting *Anderson*, 477 U.S. at 247). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 263 (5th Cir. 2002). Thereafter, if the non-movant is unable to identify anything in the record to support its claim, summary judgment is appropriate. *Id*.

In evaluating the evidence tendered by the parties, the court must accept the evidence of the non-movant as credible and draw all justifiable inferences in its favor. *Anderson*, 477 U.S. at 255. "The court *need* consider only the cited materials, but it *may* consider other materials in the record." Fed.R.Civ.P. 56(c)(3) (emphasis added). While courts will "resolve factual controversies in favor of the nonmoving party," an actual controversy exists only "when both parties have submitted evidence of contradictory facts." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). There can be no genuine dispute as to a material fact when a party fails "to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322-23. This is true "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id*. at 323.

When a movant bears the burden of proof on an issue, it must establish "beyond peradventure[3] all of the essential elements of the claim . . . to warrant judgment in [its] favor."

---

[3] I.e., beyond doubt.

*Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). In other words, the movant must affirmatively establish its right to prevail as a matter of law. *Universal Sav. Ass'n v. McConnell*, 1993 WL 560271 (5th Cir. Dec. 29, 1993) (unpubl.).

## Analysis

a) <u>Law</u>

Pursuant to 42 U.S.C. § 1997e, as amended by the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory, and is required even where the relief sought cannot be granted by the administrative process. *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S.Ct. 2378, 2382-83 (2006) (citations omitted). All "available" remedies must be exhausted, whether speedy and effective, or not. *Porter v. Nussle*, 534 U.S. 516, 524, 122 S.Ct. 983, 988 (2002). "Proper exhaustion requires that the prisoner not only pursue all available avenues of relief but also comply with all administrative deadlines and procedural rules." *Johnson v. Kukua*, 342 Fed. Appx. 933, 934 (5th Cir. 2009) (citing *Woodford, supra*). An untimely or otherwise procedurally defective administrative grievance does not satisfy the exhaustion requirement. *Id*.

"[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter, supra* (citation omitted). An inmate is required to "exhaust his remedies, irrespective of the form of relief sought, injunctive or monetary." *Richbourg v. Horton*, 2008 WL 5068680 (5th Cir. Dec. 2, 2008) (unpubl.) (citation omitted). In addition, exhaustion applies to claims brought against defendants in their official and/or

individual capacities. *See e.g., Williams v. Henagan*, 595 F.3d 610, 618 (5th Cir. 2010); *Hines v. Texas*, 76 Fed. Appx. 564 (5th Cir. 2003).

The Fifth Circuit has consistently held that an inmate's ignorance of a prison's grievance procedures does not excuse his noncompliance. *Aguirre v. Dyer*, 233 Fed. Appx. 365 (5th Cir. 2007) (citation omitted); *Simkins v. Bridges*, 350 Fed. Appx. 952, 953-954 (5th Cir. 2009) (citation omitted); *Plaisance v. Cain*, 374 Fed. Appx. 560, 561 (5th Cir. 2010) (citation omitted). Nonetheless, inmates should have "avenues for discovering the procedural rules governing their grievances." *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (citations omitted). When an inmate has no means of verifying the administrative grievance process, then misleading information by prison officials may make remedies unavailable. *Id*. "If impediments to filing grievances render remedies unavailable at one facility, remedies may become available again once a prisoner has been transferred, unless there are other problems at the new facility." *Dillon*, 596 F.3d at 267-268 (citing *Bryant v. Rich*, 530 F.3d 1368, 1379 (11th Cir.2008)). Stated another way, the grievance filing period is tolled only so long as the inmate is actually impeded from invoking and exhausting the process.

A prisoner is required to exhaust all steps of a grievance process even if the prison fails to respond to his grievances at an earlier step in the process. *Hicks v. Lingle*, 370 F. Appx. 497, 499 (5th Cir. 2010); *Ates v. St. Tammany Parish*, Civ. Action No. 13-5732, 2014 WL 1457777 (E.D. La. Apr. 15, 2014). Moreover, to the extent that language on the form or policy regarding subsequent step review is phrased in discretionary rather than mandatory terms, the prisoner still must exhaust all "available" steps. *Ates, supra* (and cases cited therein). In short, the courts "will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth v. Churner*, 532 U.S. 731, 741, 121 S. Ct. 1819, 1825, n. 6

(2001).

Exhaustion is an affirmative defense; thus, the burden is on defendant to establish that plaintiff failed to exhaust available administrative remedies. *Dillon*, 596 F.3d at 266. If the court considers evidence beyond the pleadings to resolve the exhaustion issue, then the nonmoving party is entitled to the protections of Rule 56. *Id*.

b) <u>Discussion</u>

In support of their motion for summary judgment, defendants adduced an affidavit from Mike Goyne – the captain in charge of the TWRC on November 5 and 15, 2012. (Aff. of Mike Goyne; Defs. MSJ, Exh. A). Goyne averred that the TWRC had a four-step grievance procedure consisting of "a grievance form filled out by the inmate, and reviewed by the appropriate staff, appeal of this response and review by the Warden, and an appeal of the Warden's response to the Sheriff." *Id*. He further averred that "[p]laintiff did not file any administrative remedy procedure forms or other type of grievances with [his] staff at the [TWRC], after he was notified of the disciplinary action taken against him on November 15, 2012, in connection with that disciplinary action." *Id*.

In his declaration, however, plaintiff stated that, between November 20-28, 2012, he filed a grievance against TWRC deputies Doug Campbell and Bobby Johnson. (Jackson Declaration). Moreover, Corporal Deason, the shift supervisor, responded to plaintiff's grievance at step one. *Id*. Thereafter, Corporal Bobby Johnson responded to the grievance at step two. *Id*. At step three, facility manager, Deputy Robert Young assured plaintiff that he would return the $25 to Jackson's account and expunge the disciplinary report from Jackson's disciplinary file. *Id*. According to Jackson, Young wrote on the third step response that the matter was considered closed. *Id*.

6

In short, plaintiff has adduced evidence that he completed and submitted a grievance regarding the events at issue, which he subsequently appealed through at least three levels. While plaintiff did not state that he appealed his grievance to the warden and the sheriff, he has adduced evidence that Deputy Young led plaintiff to believe that there was no need or reason for him to further appeal because the facility had granted his grievance.

The Fifth Circuit has recognized that misleading statements by guards could impact whether remedies are available to an inmate under 42 U.S.C. § 1997e(a). *Dillon*, 596 F.3d at 268 (citation omitted). "When a prisoner has no means of verifying prison officials' claims about the administrative grievance process, incorrect statements by officials may indeed make remedies unavailable." *Id*. Here, defendants did not provide any evidence to establish what means were available for plaintiff to discern that Deputy Young had misled him. Moreover, Young's representations to plaintiff may estop Young and the other defendants from invoking the exhaustion defense. *See Dillon, supra* (recognizing that estoppel excuses a prisoner's failure to exhaust administrative remedies).

In sum, defendants have not established beyond peradventure all of the essential elements of their exhaustion defense. Rather, disputed issues of material fact preclude summary judgment.[4]

---

[4] When, as here, the defendant(s) "raises exhaustion as an affirmative defense, the judge should usually resolve disputes concerning exhaustion prior to allowing the case to proceed to the merits." *Dillon, supra*. Furthermore, if, as recommended here, the plaintiff survives summary judgment on exhaustion, then the court may hold an evidentiary hearing to resolve disputed facts concerning exhaustion. *Id*.

In the instant case, however, the merits of the dispute appear to be relatively straight forward. While relevant facts may prove to be disputed, the issues are few and discrete. Thus, an evidentiary hearing on the threshold issue of exhaustion will not materially advance the case. Instead, exhaustion and merits-related issues should be combined for resolution at trial.

**Conclusion**

For the above-assigned reasons,

IT IS RECOMMENDED that the motion for summary judgment [doc. # 17] filed by defendants, Robert Young, Bobby Johnson, Doug Campbell, and Sheriff Jay Russell, be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 8th day of October 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE