UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| WILLIE JACKSON | * | CIVIL ACTION NO. 13-3112 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| JAY RUSSELL, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**<u>ORDER</u>**

Before the undersigned magistrate judge, on reference from the District Court, are two discovery-related motions filed by plaintiff Willie Jackson: 1) a motion for leave to file a reply and for continuance/extension of time to respond to the motion for summary judgment [doc. # 19]; and 2) a motion for permission to submit production of documents and for issuance of a subpoena duces tecum [doc. # 20]. Defendants did not file a response to either motion, and the time to do so has lapsed. Thus, the matter is ripe.

Succinctly summarized, plaintiff's motions seek an extension of time to respond to the pending motion for summary judgment so plaintiff may marshal evidence to oppose the motion for summary judgment. By separate report and recommendation, however, the undersigned relied on plaintiff's declaration (attached to doc. # 19) to find a genuine dispute of material fact sufficient to recommend that defendants' motion for summary judgment be denied. *See* Report and Recommendation. Thus, plaintiff does not need additional time to oppose defendants' motion.

Plaintiff's second motion [doc. # 20] also asks the court to issue a subpoena duces tecum requiring defendants to provide a master roster of inmates housed at the Ouachita Parish Sheriff's

Office, both for the entire month of November 2012, and currently. Furthermore, pursuant to Rule 34 of the Federal Rule of Civil Procedure, plaintiff seeks to inspect surveillance videos from November 15-30, 2012, between the hours of 8:00 a.m. through 5:00 p.m. However, the court previously cautioned the parties not to file motions for discovery. (Feb. 23, 2014, Mem. Order [doc. # 12]). Rather, pursuant to the Federal Rules of Civil Procedure, written discovery (in the form of interrogatories, requests for production of documents, and requests for admissions) should be sent *directly to counsel for the opposing party for a response.*[1] Thereafter, the responding party will be obliged to answer the discovery requests.[2]

The court observes that the discovery deadline was set originally for August 14, 2014, – 90 days after defendants' first appearance. *See* Feb. 23, 2014, Mem. Order [doc. # 12]). However, the discovery deadline is suspended during the pendency of defendants' motion for summary judgment. *Id*. Accordingly, the parties will retain an additional 30 days to complete all discovery on all issues (including exhaustion and the merits of the dispute), commencing with, and measured from the date that the District Court enters judgment on the pending motion for summary judgment.

The undersigned further notes that the primary, merits-related issue is whether plaintiff received due process at the disciplinary hearing: specifically, whether he received prior notice of the hearing and an opportunity to address the charge at the hearing. If not, the question arises

---

[1] In addition, all discovery requests and responses must be filed into the record (by sending a copy of same to the Clerk of Court) and transmitted simultaneously to the opposing party by placing a copy of same in the United States mail addressed to that party or, where represented, to that party's counsel.

[2] Plaintiff does not need a subpoena to compel defendants to produce documents or things; rather, he can employ a Rule 34 request for production of documents.

whether it is practice of Corporal Bobby Johnson and the Ouachita Parish Sheriff's Office Transitional Work Release Center to debit funds from inmate accounts without affording inmates the opportunity to address the precipitating charge. In other words, did Johnson act pursuant to an established procedure, or was the instant fine a random, unauthorized act to which plaintiff had an adequate post-deprivation remedy available under state law? *See e.g., Gross v. Normand*, 2014 WL 3611660 (5th Cir. July 23, 2014) (unpubl.) (discussing *Parratt/Hudson* doctrine). If the latter, then plaintiff make not seek redress under the U.S. Constitution. *Id.*

Within thirty days after the close of this extended discovery period, the parties shall file *either* a merits-related motion for summary judgment *or* a statement of issues in accordance with the court's February 28, 2014, Memorandum Order.[3]

In the interim, it is ordered that plaintiff's motions [doc. #s 19 & 20] are DENIED, in their entirety.[4]

THUS DONE AND SIGNED at Monroe, Louisiana, this : th day of October 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

[3] Given the relatively minor sums at issue in this case – $25, plus the filing fee – the parties may wish to truncate the costs, uncertainties, and delays associated with further litigation, by exploring amicable resolution of the instant dispute. Towards this end, the court adds that pursuant to the facts thus alleged, plaintiff has not demonstrated that punitive damages are warranted. *See Sockwell v. Phelps*, 20 F.3d 187, 192 (5th Cir. 1994) (punitive damages are appropriate only when the official conduct was motivated by evil intent or reckless/callous indifference to a person's constitutional rights).

[4] As this is not one of the motions excepted in 28 U.S.C. § 636(b)(1)(A), nor dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure, this ruling is issued under the authority thereof, and in accordance with the standing order of this court. Any appeal must be made to the district judge in accordance with Rule 72(a) and L.R. 74.1(W).